Vacated by Supreme Court, June 30, 2006

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-1483

VESTER KAY SCURLOCK-FERGUSON,

Plaintiff - Appellant,

versus

CITY OF DURHAM,

Defendant - Appellee.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.   James A. Beaty, Jr., District Judge.  (CA-01-1122-1)

Argued:  September 19, 2005          Decided:  November 17, 2005

Before SHEDD, Circuit Judge, HAMILTON, Senior Circuit Judge, and Joseph R. GOODWIN, United States District Judge for the Southern District of West Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Marcus A. Jackson, Durham, North Carolina; Olubayo Oyedele Agbetunsin, Durham, North Carolina, for Appellant.  Joel Miller Craig, KENNON, CRAVER, BELO, CRAIG & MCKEE, P.L.L.C., Durham, North Carolina, for Appellee.  **ON BRIEF:** Erin M. Locklear,  KENNON, CRAVER, BELO, CRAIG & MCKEE, P.L.L.C., Durham, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Vester Kay Scurlock-Ferguson brought this action against the City of Durham, North Carolina ("the City"), asserting several federal and state law claims arising from her employment with the City. On the City's motion, the district court entered summary judgment against Scurlock-Ferguson on all of her claims. In this appeal, Scurlock-Ferguson argues that the district court erred in granting summary judgment on her claim that the City retaliated against her in violation of Title VII of the Civil Rights Act of 1964 and that it violated the Family and Medical Leave Act ("FMLA"). Finding no error, we affirm.

I

Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." We review a district court's grant of summary judgment de novo, and we view all facts and inferences in a light most favorable to the nonmoving party. Hill v. Lockheed Martin Logistics Mgt., Inc., 354 F.3d 277, 283 (4th Cir. 2004) (en banc), cert. dismissed, 125 S. Ct. 1115 (2005).

Scurlock-Ferguson was employed by the City from 1978 until her termination on December 31, 2000. For a number of years, Scurlock-Ferguson worked in the City's Human Resources Department as an employee relations coordinator and human resource analyst. At times pertinent to this appeal, the director of this department was Alethea Bell, and Scurlock-Ferguson's immediate supervisor in the department was Bernard Farmer.

Beginning in 1998, Scurlock-Ferguson began to perceive that she was being harassed and treated unfairly by Bell, Farmer, and other City employees. In March 2000, Scurlock-Ferguson was denied a promotion within the Human Resources Department.[1] In April, Scurlock-Ferguson filed a charge with the Equal Employment Opportunity Commission ("EEOC") claiming that she had been denied the promotion and harassed on account of her race and gender.

On May 1, the City placed Scurlock-Ferguson on paid administrative leave while it investigated the circumstances surrounding her travel on April 11 to an out-of-town workshop. Scurlock-Ferguson had submitted documentation concerning this trip on April 17. In reviewing this documentation, Farmer noticed that Scurlock-Ferguson had claimed reimbursement for 459 miles, but the actual round trip distance was approximately 254 miles. Farmer also discovered additional problems relating to Scurlock-Ferguson's trip, including her failure to obtain approval for an overnight

---

[1]All of the pertinent dates we hereafter refer to are in 2000.

stay at the City's expense. In June, the City issued a written warning to Scurlock-Ferguson for failure to follow City policy for overnight travel related to her attendance at this workshop. Scurlock-Ferguson did not lose any pay or benefits as a result of this leave and warning.

In July, the City transferred Scurlock-Ferguson from the Human Resources Department to the Budget Department. The impetus for this transfer was a discussion between Bell and Budget Director Laura Gill. During this discussion, Bell and Gill jointly agreed to swap Scurlock-Ferguson and another employee, Steve Martin, who was not well-suited to his Budget Department position. Bell and Gill thought that the transfers would place both employees in a better working situation. Scurlock-Ferguson was told that this transfer would be a temporary assignment to see how well she performed in the Budget Department. The City did not provide any formal Budget training to Scurlock-Ferguson; rather, it expected her to learn her new job primarily through informal training, which included seeking guidance from her supervisors and co-workers. The transfer did not affect Scurlock-Ferguson's salary or benefits.

During the time Scurlock-Ferguson was on administrative leave and employed in the Budget Department, the City discovered performance shortfalls with her prior work in the Human Resources Department. Specifically, the City discovered that Scurlock-Ferguson had submitted late and inaccurate reports to the

4

Employment Security Commission and that she had failed to maintain a log of disciplinary actions against City employees.

By late October, Gill concluded that Scurlock-Ferguson was a poor fit for the Budget Department. Consequently, Gill thought it would be best for Scurlock-Ferguson to return to the Human Resources Department. When Bell was informed of this fact, she responded that she wanted to retain Martin in her department.

Scurlock-Ferguson has a medical history of hypertension, high blood pressure, mild depression, and stress. On November 2, Scurlock-Ferguson obtained a note from her family physician, Dr. Timothy O'Donnell, stating that she was invoking the FMLA and requesting that she be excused for medical leave until further notice. Dr. O'Donnell provided this note to Scurlock-Ferguson at her request without making any medical observation of her and without making any determination as to whether she could in fact work.[2] Scurlock-Ferguson presented this note to the City and obtained medical leave. Scurlock-Ferguson subsequently obtained and presented a second note from Dr. O'Donnell, in which he stated that she reported to him that she could return to work on December 13. Again, Dr. O'Donnell prepared this note solely because of Scurlock-Ferguson's request.

---

[2]Dr. O'Donnell testified in his deposition that he did not prohibit Scurlock-Ferguson from working and, in fact, would have permitted her to work. See J.A. 173-77.

Scurlock-Ferguson returned to work on December 13. Because of uncertainty surrounding her department assignment (i.e., Budget or Human Resources), Scurlock-Ferguson was sent home to await further instructions. Thereafter, Bell and Gill consulted with the City Manager about Scurlock-Ferguson's status, and both women declined to accept her in their departments. Gill declined because of Scurlock-Ferguson's poor performance in the Budget Department. Bell declined because of Scurlock-Ferguson's performance problems and because Scurlock-Ferguson had been uncomfortable working in the Human Resources Department.[3] Presented with this information, the City Manager notified Scurlock-Ferguson by letter dated December 19 that the City was terminating her employment effective December 31.[4]

II

Scurlock-Ferguson filed this lawsuit asserting causes of action under Title VII and 42 U.S.C. § 1981 for hostile work environment, discriminatory failure to promote, and retaliation; under the FMLA for failure to return her to a comparable position following her medical leave; and under state law for intentional

---

[3]Bell had also consulted with Farmer, and Farmer recommended that Martin (rather than Scurlock-Ferguson) continue in his position in the Human Resources Department.

[4]Scurlock-Ferguson subsequently filed a retaliation complaint with the EEOC, and the EEOC issued her right-to-sue letters for both of her complaints.

and negligent infliction of emotional distress. Following the close of discovery, the City moved for summary judgment. In a well-reasoned report, a magistrate judge recommended that the district court grant the City's motion on all of Scurlock-Ferguson's claims. See J.A. 187-212. The district court conducted a de novo review and entered summary judgment against Scurlock-Ferguson on all of her claims. See J.A. 224-25. Scurlock-Ferguson only appeals the grant of summary judgment on her claims that the City retaliated against her in violation of Title VII and that it violated the FMLA. As set forth below, we find that the district court did not err in granting summary judgment on these claims.

A.

We begin with Scurlock-Ferguson's Title VII claim. Title VII prohibits retaliation against an employee who has engaged in a protected activity, such as filing a complaint of discrimination with the EEOC. See 42 U.S.C.A. § 2000e-3(a). The City does not dispute that Scurlock-Ferguson engaged in a protected activity by filing the April EEOC complaint. Scurlock-Ferguson contends that in response to this complaint the City retaliated against her by (1) placing her on administrative leave pending the travel policy violation investigation, (2) transferring her to the Budget

Department, and (3) terminating her employment.[5]  As Scurlock-Ferguson notes, each of these employment decisions was made within eight months after she filed her EEOC charge.

In analyzing the retaliation claim, the district court -- citing Laughlin v. Metropolitan Washington Airports Authority, 149 F.3d 253, 258 (4th Cir. 1998) -- applied the McDonnell-Douglas burden-shifting framework that is generally applicable to Title VII retaliation claims involving indirect proof.  Under this framework, the plaintiff bears the initial burden of establishing a prima facie case of retaliation, which requires evidence that (1) she engaged in a protected activity, (2) the defendant took an adverse employment action against her, and (3) a causal connection exists between the protected activity and the adverse action.  If the plaintiff establishes a prima facie case, then the burden shifts to the defendant to rebut the prima facie case by articulating a legitimate, non-discriminatory reason for the adverse employment action.  If the defendant articulates such a reason, then the

---

[5]Scurlock-Ferguson did not object to the magistrate judge's recommendation that summary judgment be granted on her retaliation claim to the extent the claim was based on the administrative leave and transfer.  See J.A. at 213-16, 221.  Although Scurlock-Ferguson's failure to file an objection on these issues ordinarily constitutes a waiver of her right to appeal the summary judgment on these issues, see Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315-16 (4th Cir. 2005), we will nonetheless address them because the district court conducted a de novo review, and the City does not argue waiver on appeal (although it did argue waiver below).

8

plaintiff must present evidence showing that the defendant's proffered reason is a mere pretext for intentional retaliation.

The district court concluded that the City articulated a legitimate, non-discriminatory reason for placing Scurlock-Ferguson on paid administrative leave and that she failed to establish that this reason is pretextual. See J.A. 197-98. We hold that the undisputed evidence in the record amply supports this conclusion. Not only does it appear to be undisputed that the City placed Scurlock-Ferguson on leave in order to investigate her violation of City travel policy, but it also appears to be undisputed that she did, in fact, violate the travel policy.[6]

The district court also concluded that Scurlock-Ferguson's transfer to the Budget Department is not a cognizable adverse employment action because she did not lose any salary or benefits. See J.A. at 198-99. Again, we hold that this conclusion is proper based on the undisputed evidence in the record. See, e.g., James v. Booz-Allen & Hamilton, Inc., 368 F.3d 371, 375-76 (4th Cir.), cert. denied, 125 S. Ct. 423 (2004) (noting that a job reassignment "can only form the basis of a valid Title VII claim if the

---

[6]Scurlock-Ferguson argues that the length of time she was on administrative leave violated City policy because it exceeded 10 days without written approval by the City Manager. We agree with the district court that the evidence establishes that extensions of leave were frequently made on oral approval and that the City Manager was aware of her continued leave status. We also agree that the City's alleged violation of its own policy does not in any event undermine the City's proffered reason for placing Scurlock-Ferguson on administrative leave. See J.A. at 198 n.2.

9

plaintiff can show that the reassignment had some significant detrimental effect" and that absent "any decrease in compensation, job title, level of responsibility, or opportunity for promotion, reassignment to a new position commensurate with one's salary level does not constitute an adverse employment action even if the new job does cause some modest stress not present in the old position" (citation and internal punctuation omitted)).

The district court further concluded that Scurlock-Ferguson failed to establish a prima facie case of retaliation regarding her termination because she did not show a causal connection between her EEOC charge and the termination, which occurred eight months after she filed the charge. See J.A. at 199-202. In reaching this conclusion, the district court also found that the City had consistently given a legitimate reason (i.e., poor performance) as the basis for the termination. See id. at 202. We need not decide whether Scurlock-Ferguson established a prima facie case on this aspect of her claim because we hold, in any event, that the City has proffered a legitimate, non-discriminatory reason for the termination, and that Scurlock-Ferguson has failed to establish that the reason is pretextual.[7]

---

[7]It is not clear whether the district court actually ruled on the issue of pretext on this aspect of the retaliation claim. However, the City argued below and on appeal that Scurlock-Ferguson failed to establish that its proffered reason for the termination is pretextual. Under these circumstances, we may affirm the summary judgment on this basis. See United States v. Swann, 149 F.3d 271, 277 (4th Cir. 1998) ("we may affirm the district court's

10

We now turn to Scurlock-Ferguson's FMLA claim. The FMLA guarantees an eligible employee twelve workweeks of leave annually "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee," and it provides that the taking of such leave "shall not result in the loss of any employment benefit accrued prior to the date on which the leave commenced." 29 U.S.C. §§ 2612(a)(1)(D), 2614(a)(2). Scurlock-Ferguson contends that the City violated the FMLA by failing to restore her to the same or a comparable position upon her return from medical leave in December.

In granting summary judgment for the City on the FMLA claim, the district court, primarily relying on Rhoads v. F.D.I.C., 257 F.3d 373 (4th Cir. 2001), cert. denied, 535 U.S. 933 (2002), held that Scurlock-Ferguson failed to meet her burden of presenting evidence to establish that she had a serious health condition that made her unable to perform the functions of her job.[8] The district

judgment for any reason supported by the record, even if it is not the basis that the district court used"). In doing so, we agree with the district court that Scurlock-Ferguson's contention that the City provided different explanations for her termination is without merit. See J.A. at 200-02.

[8]In Rhoads, we held that the district court properly required the FMLA plaintiff "to prove that she was afflicted with an FMLA-qualifying condition, because otherwise she did not have any right under the Act with which her employer could have interfered." 257 F.3d at 384. Like the district court, we find Scurlock-Ferguson's attempt to distinguish Rhoads to be unpersuasive.

11

court concluded that Dr. O'Donnell's medical records and deposition testimony provide no support for Scurlock-Ferguson's FMLA claim because he did not treat her at the time she requested medical leave, and he did not know of any medical reason why she would have been unable to work during that time.  Based on our review of the record, we hold that the district court correctly decided this issue.  See J.A. 202-11.

### III

Based on the foregoing, we affirm the district court's grant of summary judgment in favor of the City.

AFFIRMED

12