**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-1483**

---

VESTER KAY SCURLOCK-FERGUSON,

                              Plaintiff - Appellant,

        versus

CITY OF DURHAM,

                              Defendant - Appellee.

---

On Remand from the Supreme Court of the United States.
(S. Ct. No. 05-10032)

---

Submitted: February 28, 2007        Decided: March 15, 2007

---

Before SHEDD, Circuit Judge, HAMILTON, Senior Circuit Judge, and
Joseph R. GOODWIN, United States District Judge for the Southern
District of West Virginia, sitting by designation.

---

Vacated and remanded by unpublished per curiam opinion.

---

Vester Kay Scurlock-Ferguson, Appellant Pro Se. Joel M. Craig,
Erin M. Locklear, KENNON, CRAVER, BELO, CRAIG & MCKEE, PLLC,
Durham, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vester Kay Scurlock-Ferguson sued her former employer alleging, among other things, employment discrimination in violation of Title VII of the Civil Rights Act of 1964. The district court, adopting the magistrate judge's recommendation, denied relief. In particular, the district court found that Scurlock-Ferguson's claim that she was transferred in retaliation for filing an Equal Employment Opportunity Commission charge failed because the transfer position involved the same pay and benefits and thus she had suffered no adverse employment action. We affirmed on appeal concluding "that Scurlock-Ferguson's transfer to the Budget Department is not a cognizable adverse employment action because she did not lose any salary or benefits." Scurlock-Ferguson v. City of Durham, 154 F. App'x 390, 394 (4th Cir. 2005) (unpublished). We relied on James v. Booz-Allen & Hamilton, Inc., 368 F.3d 371, 375-76 (4th Cir. 2004), for this finding. Id. The James case, in turn, relied on the reasoning of our earlier opinion in Von Gunten v. Maryland, 243 F.3d 858 (4th Cir. 2001).

Scurlock-Ferguson filed a petition for writ of certiorari with the Supreme Court, which granted the petition, vacated our opinion, and remanded for further consideration in light of Burlington N. & S.R.R. Co. v. White, 548 U.S. __, 126 S. Ct. 2405 (2006). See Scurlock-Ferguson v. City of Durham, 126 S. Ct. 2985

(U.S. June 30, 2006) (No. 05-10032).  The <u>Burlington</u> opinion rejected "the standards applied in the Courts of Appeals that have . . . limited actionable retaliation to so-called 'ultimate employment decisions.'"  126 S. Ct. at 2414.  Rather, the Court held a plaintiff could show actionable retaliation if she showed "that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination."  <u>Id.</u> (internal quotation and citation omitted).  The <u>Burlington</u> opinion specifically rejected our approach in <u>Von Gunten</u>.  <u>Id.</u> at 2410-11.

Accordingly, we vacate and remand this matter to the district court in light of the Supreme Court's opinion in <u>Burlington</u>.[*]  We decline to address any other issues on appeal, as the Supreme Court's remand only addresses the <u>Burlington</u> opinion, which in the facts of the instant case is limited to the question of whether Scurlock-Ferguson's transfer to the Budget Department could be considered an actionable adverse employment action.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

---

[*]We offer no criticism of the district court which followed then-current circuit precedent in denying the retaliation claim.