**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1719**

VESTER KAY SCURLOCK-FERGUSON,

                Plaintiff - Appellant,

        v.

CITY OF DURHAM,

                Defendant - Appellee.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Chief District Judge. (1:01-cv-01122-JAB)

Submitted: March 30, 2010              Decided: June 7, 2010

Before SHEDD and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Vester Kay Scurlock-Ferguson, Appellant Pro Se. Joel Miller Craig, Henry W. Sappenfield, KENNON, CRAVER, BELO, CRAIG & MCKEE, PLLC, Durham, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vester Kay Scurlock-Ferguson sued her former employer, the City of Durham ("City"), alleging that she was transferred from her position in Human Resources to the Budget Department in retaliation for her earlier filing of a charge with the Equal Employment Opportunity Commission ("EEOC"). The district court dismissed the action, finding that Scurlock-Ferguson's transfer to a different department was not an actionable adverse employment action. We affirmed on appeal. See Scurlock-Ferguson v. City of Durham, No. 04-1483 (4th Cir. Nov. 17, 2005) (unpublished). Thereafter, the Supreme Court vacated and remanded to us in light of its then-recent opinion in Burlington N. & S.R.R. Co. v. White, 548 U.S. 53 (2006). Thus, we remanded to the district court in light of the Burlington opinion, which altered our case law regarding what actions constitute an adverse employment action in retaliation cases. See Scurlock-Ferguson v. City of Durham, No. 04-1483 (4th Cir. Mar. 15, 2007) (unpublished).

On remand, the district court applied the Burlington opinion and found Scurlock-Ferguson still failed to establish that her transfer was an adverse employment action. Alternatively, the court found that even if the transfer was considered an adverse employment action, and therefore allowed her to establish a prima facie case of retaliation

2

discrimination, the City provided legitimate, non-discriminatory reasons for the transfer, which Scurlock-Ferguson failed to show were pretextual or otherwise carried an indicia of actionable discrimination. Thus, the court concluded that Scurlock-Furguson failed to establish a claim, granted summary judgment to the City, and dismissed the action. Our review of the record and the district court's opinion reveals no reversible error. Thus, we affirm on the reasoning of the district court's opinion, which accepted the magistrate judge's recommendation on the matter. See Scurlock-Ferguson v. City of Durham, No. 1:01-cv-01122-JAB (M.D.N.C. May 19, 2009).

We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED